UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

V.                                          NO. 08-290

HEZRON N. WILLIAMS                          SECTION "F"

ORDER AND REASONS

    Before the Court is Hezron N. Williams' motion for reconsideration of this Court's prior order granting Williams' motion for sentence reduction pursuant to 18 U.S.C. § 3582 (c)(2), but declining to reduce his sentence below the applicable statutory minimum.  For the reasons that follow, the motion is DENIED.

**Background**

    Hezron N. Williams, again, asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

    On April 2, 2009, Williams entered into a plea agreement with the government, and signed a factual basis admitting his guilt to a two-count Superseding Bill of Information: Count 1 charged him with possession with intent to distribute more than five grams of cocaine base "crack," in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B); Count 2 charged him with possession of a firearm in

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  The plea agreement restricted, among other things, his right to seek collateral relief.

On September 3, 2009, this Court sentenced Williams to a sentence of 71 months (as to Count 1) and 60 months (as to Count 2); to run consecutively.  In so doing, the Court recognized, with respect to Count 1, that U.S.S.G. § 5G1.1 called for application of the 60-month statutory minimum sentence triggered by Williams' violation of 21 U.S.C. § 841 (b)(1)(B).[1]

More than two years later, this Court reduced Williams' sentence pursuant to his request under 18 U.S.C. § 3582 in accordance with retroactive amendments to the federal sentencing guidelines that addressed the crack and powder cocaine sentencing disparity.  In granting Williams' prior motion for sentence reduction, the Court reduced Williams' sentence (with respect to the relevant crack cocaine possession count only) from 71 months to the 60 month mandatory minimum, and observed that:

...the original sentencing range was technically 57-71 months,

---

[1] In July 2009, the U.S. Probation Office had issued its Presentence Investigative Report, which calculated the applicable sentencing guidelines as to Count 1: criminal history category IV, with a base offense level of 21 (after acceptance of responsibility).  The guidelines range for Count 1 was calculated to be 50-71 months; however, the PSI recognized the applicability of U.S.S.G. § 5G1.1 as applying the mandatory minimum sentence of 60 months required by 21 U.S.C. § 841 (b)(1)(B), which therefore restricted the guideline range for Count 1 to 60-71 months.
    Williams takes issue only with the calculation of his possession count.

2

>but this range was restricted to 60-71 because of a mandatory
>minimum. Likewise the revised amended guideline range, which
>is technically 30-37 months, is also restricted to 60 months
>pursuant to U.S.S.G. 5G1.1(b).

Williams now seeks reconsideration, claiming that the mandatory minimum is no longer a factor restricting resentencing to a lower range.

I.

Williams requests that this Court reduce his sentence for possession of crack cocaine, contending that he is eligible for the guideline range of 30-37 months in light of the crack cocaine amendments to the sentencing guidelines; he invokes Seventh Circuit case law in support of his contention that the Court should disregard U.S.S.G. § 5G1.1's requirement that the statutory floor (mandatory minimum) is the lower bound of the guideline range when all or part of a guideline range lies below a statutory minimum. The government counters that relief for Williams is foreclosed by U.S. Court of Appeals for the Fifth Circuit case literature, and that the motion should be denied.

A.

Once imposed, a district court generally is prohibited from modifying a sentence. 18 U.S.C. § 3582(c). Congress allows for a few exceptions to that general rule, however, permitting retroactive modification of sentences

>in the case of a defendant who has been sentenced to a
>term of imprisonment based on a sentencing range that has
>subsequently been lowered by the Sentencing Commission

pursuant to 28 U.S.C. § 994(o)....

Id. at § 3582(c)(2).  Thus, pursuant to § 3582(c)(2), "a defendant's sentence may be modified if he was sentenced to 'a term of imprisonment *based on a sentencing range* that subsequently was *lowered by the Sentencing Commission*.'"  United States v. Kelly, 716 F.3d 180, 181 (5th Cir. 2013)(citations omitted, emphasis added), cert. denied, 134 S.Ct. 439 (2013).  Williams insists that he is eligible for a further sentence reduction based on Guidelines Amendment 750, which modified the advisory guidelines sentencing ranges for crack cocaine offenses to conform with the Fair Sentencing Act enacted in 2010.  The Court disagrees.

"Until 2010", the Supreme Court has observed,

> the relevant [federal drug] statute imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine.  It imposed, for example, the same 5-year minimum term upon (1) an offender convicted of possessing with intent to distribute 500 grams of powder cocaine as upon (2) an offender convicted of possessing with intent to distribute 5 grams of crack.

Dorsey v. United States, --- U.S. ---, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012).  Thus, in 2010 the Fair Sentencing Act was passed "to restore fairness to Federal cocaine sentencing." Pub.L. 111-220, 124 Stat. 2372 (2010).  By Amendment 750, promulgated pursuant to the FSA, the Sentencing Commission made corresponding changes to the guidelines ranges for crack cocaine.

*B.*

Amendment 750, however, only applies to defendants sentenced

after the enactment of the FSA. The FSA, effective August 3, 2010, has no applicability to Williams because he was sentenced in September 2009, before it took effect. See United States v. Doggins, 633 F.3d 379, 384 (5th Cir. 2011). Indeed, the Fifth Circuit has endorsed the holdings of its sister circuits that "the FSA is not retroactive to defendants ... whose sentences were modified after the effective date of the FSA but who were originally sentenced before its effective date." Kelly, 716 F.3d at 181 (quoting United States v. Hammond, 712 F.3d 333, 336 (6th Cir. 2013)). Moreover, even if the amendment was applicable, a sentence reduction under § 3582(c)(2) is not authorized if the amendments to the Guidelines "do[ ] not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n.1(A); Kelly, 716 F.3d at 181. Simply put, "[a] mandatory minimum statutory penalty overrides the retroactive application of a new Guideline." United States v. Sneed, 544 Fed.Appx. 296, 297 (5th Cir. Mar. 15, 2013)(unpublished, per curiam)(citing United States v. Pardue, 36 F.3d 429, 431 (5th Cir. 1994)). Williams' sentence of 60 months of imprisonment "was statutorily mandated and, thus, he was not 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" See id. (citing §

3582(c)(2) and Pardue).

This Court's previous ruling on Williams' initial motion for sentence reduction is correct; Williams has failed to demonstrate that he is entitled to a sentence reduction below the statutory mandatory minimum.[2] Accordingly, Williams' motion for

---

[2] Williams' invocation of United States v. Wren, 706 F.3d 861 (7th Cir. 2013) is misplaced. In Wren, at the time of sentencing, the government had moved for sentence reductions below the presumptive statutory minimum despite the fact that the original sentencing guideline ranges were above the mandatory minimum. 706 F.3d at 862.  The district court sentenced the defendants, who provided valuable assistance to the government, to sentences lower than the floor of the applicable presumptive statutory minimum.  But years later, post-amendment, when the defendants filed motions under § 3582(c)(2), the district court denied relief.  Hearing consolidated appeals, the Seventh Circuit vacated the district court ruling and remanded.
  Underscoring the circumstances presented: "an original Guideline range above the statutory floor, a sentence below that floor because of substantial assistance to the prosecutor, and a retroactive change to the Guidelines that (apart from § 5G1.1) permits a reduction in the sentence", the Seventh Circuit concluded that "the way the Guidelines work as currently written ... in these circumstances the district court may grant a motion under § 3582(c)(2) without resetting the Guideline range at the statutory minimum."  Id. at 864 (finding that "if § 5G1.1 did not affect the original calculation, it does not come into play when a court considers the effect of a retroactive change to the Guidelines.").
  Williams' circumstances are distinguishable from the defendants in Wren. Unlike Wren and Moton, Williams was never eligible for, nor did he receive any relief from, his statutorily calculated sentence on the motion of the government. Furthermore, U.S.S.G. § 5G1.1 was applied to modify the original calculation of the guideline range. Williams' sweeping contention that recent case law renders the mandatory minimum no longer a factor is not supported by Wren, which is factually distinguishable; moreover, his contention is foreclosed by binding Fifth Circuit precedent, which conflicts with Wren.  See United States v. Carter, 595 F.3d 575 (5th Cir. 2010)(defendant ineligible for post-amendment sentence reduction despite downward departure from statutory-minimum sentence unaffected by that

reconsideration to reduce his sentence under 18 U.S.C. § 3582(c)(2) is DENIED.

New Orleans, Louisiana, May 16, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

amendment); see also United States v. Allen, 482 Fed.Appx. 962 (5th Cir. 2012)(unpublished, per curiam)(same).